IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOMINGO AMADOR,
    Plaintiff,

vs.                                    5:06cv205/RS/MD

CHARLES SHOCKLEY,
    Defendant.

## O R D E R

In response to the court's order of December 28, 2006, plaintiff has filed a notice of change of address, which the court will also construe as an indication of his intent to proceed with this action. This cause is now before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff was incarcerated at Wakulla Correctional Institution ("WCI") at the time the events giving rise to this complaint, although he has since been released. Named as defendants in this action are Charles Shockley, Pilar Budino, and Marinell Brown from the central office of the Florida Department of Corrections, Herbert Hall, Ningyi Huang, J. F. Watson, and Captain Keen of WCI, and two John Doe physicians, one at Calhoun Correctional Institution ("CCI") and one at the North Florida Reception Center ("NFRC"). The allegations of plaintiff's complaint center around treatment he received after an injury he incurred while playing soccer on January 3, 2005 at CCI. Plaintiff alleges that a Dr. John Doe at CCI examined him, placed a strap around his shoulder and instructed him to return to his dorm. Plaintiff was transferred to NFRC on January 24, 2005, and reported

to medical where he was prescribed pain medication, a strap to support his injured collar bone and a restricted activity medical pass.  On April 26, 2005, he was transferred to WCI where he was assigned to inside grounds crew and was required to cut grass with a manual lawn mower.  Plaintiff presented his supervisor with his restricted activity pass, but he reports that the pass was disregarded and he was ordered to perform the duties despite the fact that he was in pain from his injury.  On June 16, 2005, plaintiff filed an informal grievance to this effect, also noting that his pain medication had not been renewed, and the grievance was denied because his medical pass had expired.  (Doc. 4, exh. D).  On June 27, 2005, plaintiff again informally grieved the fact that he was being asked to work in spite of his injury, and stated that Captain King (Keen) had taken the pass and threatened him.  The grievance was returned without action as it addressed more than one issue.  (Doc. 4, exh. A).  Plaintiff appealed, raising only the issue of the alleged denial of medical treatment.  His appeal and request for additional medical care was denied, as the treatment he was receiving was found to be adequate and appropriate to his presenting symptoms.  (Doc. 4, exh. B).  Plaintiff appealed to the Secretary, again contending that he was receiving inadequate medical treatment and noting that staff had threatened him with confinement for complaining.  The response noted that Herbert Hall had provided information, and that Marinell Brown had reviewed his appeal, but that the response made to him by Dr. Huang appropriately addressed the issues plaintiff presented. (Doc. 4, exh. C).  In the complaint, plaintiff states that his collar bone is still broken, that he is still being ordered to work with the manual lawn mower, that defendants Dr. Huang, Herbert Hall and Pilar Gudino are continuing to deny him medical treatment.  Plaintiff seeks declaratory and injunctive relief, and monetary damages.

      As an initial matter, the court notes that plaintiff's claims have not been properly exhausted against each defendant.  Failure to have exhausted administrative remedies prior to filing suit is grounds for dismissal of any portion of plaintiff's case that has not been exhausted.  *Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir. 2005); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).  The exhaustion requirement applies to all inmate suits about any aspect of

prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 126 S.Ct. ____, 2006 WL 1698937 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); *Johnson v. Meadows,* 418 F.3d at 1155.

As plaintiff is aware, chapter 33-103 of the Florida Administrative Code In Florida provides for a multi-tiered grievance procedure. Except in certain limited cases, inmates are to first utilize an informal grievance procedure. Ch. 33-103.005, F.A.C. The next level of review is a formal grievance to the warden or assistant warden. Ch. 33-103.006, F.A.C. Finally, an inmate may appeal to the Office of the Secretary. Ch. 33-103.007, F.A.C. In order to exhaust the grievance process, an inmate must avail himself of all levels of review for each claim against each defendant, which he has not done in this case.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff claims that he received inadequate medical treatment for his broken collarbone. A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle,* 429 U.S. at 105-06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.

The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[1]

---

[1] The *Farrow* court cited the following examples: *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*,

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence fails to satisfy state-of-mind requirement for deliberate indifference)); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, such as the case here, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment.

---

753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury). See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

*Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm*, 774 F.2d at 1575. Plaintiff is advised that a difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Although he feels he did not receive adequate treatment, he does not suggest what additional treatment he believes he should have received.

Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999)*, cert. denied* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *see also Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999). Plaintiff must show that the defendants did more than play a passive role in the alleged violation or showed mere tacit approval of the events. *Id.* (Citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). He must show that the defendants "otherwise encouraged or condoned" the allegedly unconstitutional actions. *Id.* at 207. Several of the named defendants do not appear to have had any direct involvement in the alleged constitutional violations.

As noted above, during the pendency of this action, plaintiff was released from custody. Therefore, his claims for injunctive relief are moot. See *Zatler v.Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987)(claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984)

(transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). *Cf. Johnson v. Turpin*, 2001 WL 520804 (11th Cir. 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system).

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations, and against whom the plaintiff's claims have been administratively exhausted.** Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, if his claims against the defendant have not been administratively exhausted, or if the defendant's actions do not rise to the level of a constitutional violation, plaintiff should eliminate that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative

grievances.[2] The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983, along with the attachments to the most current complaint. This case number and the words "Amended Complaint" should be written on the form.

2. The plaintiff shall have **sixty (60) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

4. The clerk shall also return the envelope addressed to Rosa Carlson. Plaintiff is advised that the court will not mail items for him.

DONE AND ORDERED this 19th day of January, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] As instructed on the complaint form, plaintiff should attach all copies of grievances as are necessary to demonstrate that he has exhausted his available administrative remedies as to each claim, even if he has included proof of exhaustion with a previous complaint.

*Case No: 5:06cv205/RS/MD*