IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOMINGO AMADOR,
        Plaintiff,

vs.                         5:06cv205/RS/MD

CHARLES SHOCKLEY,
        Defendant.

---

## O R D E R

    This case is before the court upon plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that the plaintiff has failed to correct the majority of the deficiencies identified in the court's previous order directing him to amend. The court will therefore allow the plaintiff a final opportunity to refine his allegations in an amended complaint.

    Plaintiff was incarcerated at Wakulla Correctional Institution ("WCI") at the time the events giving rise to this complaint, although he has since been released. Named as defendants in this action are Charles Shockley, Pilar Budino, and Marinell Brown from the central office of the Florida Department of Corrections, Herbert Hall, Ningyi Huang, J. F. Watson, and Captain Keen of WCI, and two John Doe physicians, one at Calhoun Correctional Institution ("CCI") and one at the North Florida Reception Center ("NFRC"). The allegations of plaintiff's complaint center around treatment he received after an injury he incurred while playing soccer on January 3, 2005 at CCI. Plaintiff alleges that a Dr. John Doe at CCI examined him, placed a strap around his shoulder and instructed him to return to his dorm. Plaintiff was transferred to NFRC on January 24, 2005, and reported to medical where he was prescribed pain medication, a strap to support his injured collar bone and a restricted activity medical pass. On April 26, 2005, he was transferred to WCI

where he was assigned to inside grounds crew and was required to cut grass with a manual lawn mower. Plaintiff states that he presented his supervisor with his restricted activity pass, but he reports that the pass was disregarded and he was ordered to perform the duties despite the fact that he was in pain from his injury. On June 16, 2005, plaintiff filed an informal grievance to this effect, also noting that his pain medication had not been renewed, and the grievance was denied because his medical pass had expired. (Doc. 4, exh. D). On June 27, 2005, plaintiff again informally grieved the fact that he was being asked to work in spite of his injury, and stated that Captain King (Keen) had taken the pass and threatened him. The grievance was returned without action as it addressed more than one issue. (Doc. 4, exh. A). Plaintiff appealed, raising only the issue of the alleged denial of medical treatment. His appeal and request for additional medical care was denied, as the treatment he was receiving was found to be adequate and appropriate to his presenting symptoms. (Doc. 4, exh. B). Plaintiff appealed to the Secretary, again contending that he was receiving inadequate medical treatment and noting that staff had threatened him with confinement for complaining. The response noted that Herbert Hall had provided information, and that Marinell Brown had reviewed his appeal, but that the response made to him by Dr. Huang appropriately addressed the issues plaintiff presented. (Doc. 4, exh. C). Plaintiff was released on December 13, 2006. See www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=1&From=list&SessionID=418 114707. However, plaintiff's amended complaint, in places, is drafted as though he were still incarcerated. In his statement of claim, he states that he is being denied adequate medical care. In the relief requested, he seeks an injunction ordering Captain Keen and defendant Watson to "immediately stop forcing the plaintiff to push a lawn mower while his collar bone is broken," and an injunction ordering certain defendants to immediately arrange for plaintiff to receive treatment for his broken collar bone in addition to compensatory and punitive damages.

As plaintiff was previously advised, claims for injunctive relief were rendered moot by his release from custody. See *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v.*

*Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987)(claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).  *Cf. Johnson v. Turpin*, 2001 WL 520804 (11th Cir. 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system).

Furthermore, plaintiff has named the same defendants in his amended complaint that were named in his initial complaint, even though he was advised that claims that have not been properly exhausted against each defendant prior to filing suit were subject to dismissal.  See *Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir. 2005); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).  The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 126 S.Ct. ____, 2006 WL 1698937 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); *Johnson v. Meadows,* 418 F.3d at 1155.

Plaintiff was also advised that prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct.  *Shehee v. Luttrell* 199 F.3d 295, 300 (6th  Cir. 1999)*, cert. denied* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *see also Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim).   This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999). Plaintiff must allege that the defendants did more than play a passive role in the alleged

violation or showed mere tacit approval of the events. *Id.* (Citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). He must show that the defendants "otherwise encouraged or condoned" the allegedly unconstitutional actions. *Id.* at 207. Several of the named defendants do not appear to have had any direct involvement in the alleged constitutional violations, and as such any claims or allegations against them should be deleted from the complaint.

In amending, plaintiff should carefully review the foregoing, as well as the court's previous order, to determine whether he can present allegations sufficient to state a cause of action under the relevant law under each defendant. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." As he was previously instructed, plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations, and against whom the plaintiff's claims have been administratively exhausted. Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.[1] In the statement of facts, plaintiff should clearly describe <u>how</u> <u>each named</u> <u>defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, if his claims against the defendant have not been administratively exhausted, or if the defendant's actions do not rise to the level of a constitutional violation, plaintiff should eliminate that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. He should eliminate any legally insufficient claims or requests for relief. Plaintiff is advised that the second amended complaint must contain all of his allegations because once an

---

[1] Plaintiff should also be sure that the complaint form reflects his current correct address.

*Case No: 5:06cv205/RS/MD*

amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the second amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Second Amended Complaint" should be written on the form.

2. The plaintiff shall have **forty (40) days** in which to file a second amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit a second amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 11th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv205/RS/MD*